IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBVIE INC., ALLERGAN PHARMACEUTICALS INTERNATIONAL LIMITED, and GEDEON RICHTER PLC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 25-1332 (MN) |
| v. | ) ) | |
| DEVA HOLDING A.S., | ) ) | |
| Defendant. | ) | |

## **<u>SCHEDULING ORDER</u>**

This 30th day of March 2026, the parties having determined after discussion that the

matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding

arbitration:

IT IS HEREBY ORDERED that:

1.      <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.</u> Unless

otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to

Federal Rule of Civil Procedure 26(a)(l) within five (5) days of the date this Order is entered by

the Court. If they have not already done so, the parties are to review the Court's Default Standard

for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted

at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is

incorporated herein by reference.

2.      <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before July 22, 2026. Unless

otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 6(g) and 7.

3.      Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 6(g) below.

Any proposed protective order must include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      Papers Filed Under Seal. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5.      Courtesy Copies. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6.    <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a)    <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before August 28, 2026.

(b)    <u>Document Production.</u> Document production shall be substantially complete by July 31, 2026.

(c)    <u>Requests for Admission.</u> A maximum of 50 requests for admission are permitted for each side.[1] This limit does not count toward requests for admission regarding authenticity. The parties agree to negotiate regarding a stipulation as to authenticity and foundation of documents they produce.

(d)    <u>Interrogatories.</u>

i.    A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (i.e., the more detail a party provides, the more detail a party shall receive).

(e)    <u>Depositions.</u>

i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 56 hours of taking testimony by deposition upon oral examination. Each fact deposition

---

[1] For the purposes of the parties' proposals, Plaintiffs AbbVie Inc., Allergan Pharmaceuticals International Limited, and Gedeon Richter PLC. (collectively, "Plaintiffs") constitute one side and Deva Holding A.S. constitutes another side.

shall be limited to seven hours, except that any fact witness who previously provided deposition testimony in *Allergan USA Inc. et al. v. Sun Pharmaceutical Industries Limited et al.*, No. 19-02317 RGA (D. Del.) shall not be deposed for longer than four hours. No deposition shall count for fewer than four hours toward the limits provided above. Each fact witness may only be deposed once. Defendant agrees to use best efforts not to take duplicative fact deposition testimony of fact witnesses to the fact deposition testimony taken in *Allergan USA Inc. et al. v. Sun Pharmaceutical Industries Limited et al.*, No. 19-02317 RGA (D. Del.). Expert depositions do not count against the time limits described in this paragraph. These limits may be modified only upon agreement of the parties or a showing of good cause and by order of the Court.

ii.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

(f)    Disclosure of Expert Testimony.

i.    Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before March 5, 2027. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before April 16, 2027. Reply expert reports from the party with the initial burden of proof are due on or before May 14, 2027. No other expert reports will be permitted without either the consent of all parties or leave of the

4

Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

  ii.  <u>Expert Report Supplementation.</u> The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

  iii.  <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than fourteen (14) days after the close of expert discovery, unless otherwise ordered by the Court. Briefing will be presented pursuant to the Court's Local Rules. <u>Expert Discovery Cut Off.</u> All expert discovery in this case shall be initiated so that it will be completed on or before June 18, 2027.

  (g)  <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

  i.  Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

  ii.  Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1. that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

  iii.  On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party

opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

    iv.  The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

    v.  Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

  7.  <u>Motions to Amend / Motions to Strike.</u>

  (a)  Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 6(g) above.

  (b)  Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

  8.  <u>Technology Tutorials.</u> Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

  9.  <u>Claim Construction Issue Identification.</u> On July 24, 2026, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction, and on August 7, 2026, the parties shall exchange their proposed claim construction of the exchanged term(s)/phrase(s) and intrinsic support. These documents will not be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer to prepare a Joint Claim

Construction Chart to be submitted two weeks prior to service of the opening claim construction brief. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart and, instead, the parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing.

10.    Claim Construction Briefing. Plaintiffs shall serve, but not file, their opening brief, not to exceed 20 pages, on October 30, 2026. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on November 20, 2026. Plaintiffs shall serve, but not file, their reply brief, not to exceed 20 pages, on December 14, 2026. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on January 5, 2027. No later than January 8, 2027, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below. If the joint brief as submitted is more than 80 pages, the parties must certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why the brief is longer than 80 pages.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.    Agreed-Upon Constructions

7

II.    Disputed Constructions

[TERM 1]

1.    Plaintiff's Opening Position

2.    Defendant's Answering Position

3.    Plaintiff's Reply Position

4.    Defendant's Sur-Reply Position

[TERM 2]

1.    Plaintiff's Opening Position

2.    Defendant's Answering Position

3.    Plaintiff's Reply Position

4.    Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

11.    <u>Hearing on Claim Construction.</u> Beginning at 10:00 a.m. on January 29, 2027, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction

8

order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

12.    Supplementation. Absent agreement among the parties, and approval of the Court, no later than September 18, 2026 the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

13.    Case Dispositive Motions. Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in ANDA cases.

14.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.    Motions in Limine. Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the in limine request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

16.     Pretrial Conference. On August 23, 2027, the Court will hold a pretrial conference in Court with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

17.     Trial. This matter is scheduled for a **three-day** bench trial beginning at 9:30 a.m. on **August 30, 2027**, with the subsequent trial days beginning at 9:00 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

18.     Post-Trial Briefing. The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

The Honorable Maryellen Noreika
United States District Judge

10

**EXHIBIT A**

| EVENT | DEADLINE |
|---|---|
| Rule 26(a)(1) Initial Disclosures | April 2026 (5 days after entry of Scheduling Order) |
| Deadline for Production of Core Technical Documents (including ANDAs and API DMFs)[1] | April 5, 2026 |
| Paragraph 3 Disclosures | April 13, 2026 |
| Protective Order | April 2026 (10 days after entry of Scheduling Order) |
| Defendant production of samples of API, ANDA Batches, Validation Batches, and Placebo/Excipients, with quantities to be mutually agreed upon | April 22, 2026 |
| Plaintiffs' identification of accused products and asserted patent(s), production of file history for each asserted patent, and Initial Infringement Contentions | May 5, 2026 |
| Initial Responsive Non-Infringement and Invalidity Contentions | June 5, 2026 |
| Initial Responsive Validity Contentions | July 17, 2026 |
| Deadline to Add Parties/Supplement Pleadings | July 22, 2026 |
| Exchange Claim Terms | July 24, 2026 |
| Substantial Completion of Document Production | July 31, 2026 |
| Exchange Constructions and Intrinsic Support | August 7, 2026 |
| Exchange Responsive Intrinsic Evidence | August 21, 2026 |
| Close of Fact Discovery | August 28, 2026 |

---

[1] Defendant Deva Holding A.S. ("Deva") will produce any portion of the API DMF that is in its possession, custody, or control. If the DMF, or portions of the DMF, are not within Deva's possession custody or control, no later than the deadline for production of DMFs, Deva shall (1) inform Plaintiffs in writing and (2) specify what portions are not being produced.

| EVENT | DEADLINE |
|---|---|
| Final Invalidity/Infringement Contentions | September 18, 2026 |
| Final Supplement of Accused Products/Invalidity References | September 18, 2026 |
| Final Responsive Non-Infringement and Validity Contentions | October 9, 2026 |
| File Joint Claim Chart | October 16, 2026 |
| Serve Plaintiffs' Opening Markman Brief | October 30, 2026 |
| Serve Deva's Opposition Markman Brief | November 20, 2026 |
| Serve Plaintiffs' Reply Markman Brief | December 14, 2026 |
| Serve Deva's Surreply Markman Brief | January 5, 2027 |
| File Joint Markman Brief + Tech Tutorial; Notify Court of Request for Testimony and Hearing Time | January 8, 2027 |
| Hearing on Claim Construction | January 29, 2027 at 10:00 a.m. |
| Opening Reports (Plaintiffs: infringement and objective indicia; Deva's: invalidity) | March 5, 2027 |
| Opposition Reports (Plaintiffs: validity; Deva's: non-infringement and objective indicia) | April 16, 2027 |
| Reply Reports (Plaintiffs: infringement and objective indicia; Deva's: invalidity) | May 14, 2027 |
| Close of Expert Discovery | June 18, 2027 |
| Pretrial Order | August 16, 2027 |
| Pretrial Conference | August 23, 2027 at 4:30 p.m. |
| Trial (3 days) | August 30, 2027 – September 1, 2027 |
| End of 30-Month Stay | March 22, 2028 |

2